COLUMBUS ALLEN ET AL. *v.* REBECCA STUMP.

[Kentucky Law Reporter, Vol. 3—564.]

**Guardian's Sale of Real Estate.**

> Before an infant's real estate can be sold there must be filed in court a proper petition for its sale by the statutory guardian appointed in this state and not in some other state, and in the petition the guardian should allege his belief that the sale would be to the benefit of his said ward. A sale on petition of a guardian in a foreign state is void.

APPEAL FROM HARRISON CHANCERY COURT.

February 9, 1882.

OPINION BY JUDGE LEWIS:

To give the court jurisdiction and authorize a judgment for the sale of the real estate of an infant, under Rev. Stat. (1867),

Ch. 86, Art. 3, § 1, subsec. 2, it was indispensable that the petition for such sale should be filed by the statutory guardian, and that he should allege in it his belief that the sale would redound to the benefit of the infant. Besides other requisites to a judgment, it was made the duty of such guardian to enter into a covenant, with security approved by the court, for a faithful discharge of his duty under the statute.

It is apparent from the language as well as the reason of the law that the statutory guardian meant is one appointed in pursuance of the laws of this commonwealth, and by the tribunal authorized thereby to make the appointment. If it had been the intention of the legislature to authorize such judgment upon the petition of a guardian appointed elsewhere than here, it would have been so provided in express and unambiguous terms.

In 1869, upon the petition of Chas. T. Daniels, who was appointed guardian, in the state of Missouri, of his infant daughter, appellant, Maria V. Daniels, now Allen, and without any defense being made for her by a guardian appointed in this state, either statutory or ad litem, judgment was rendered for the sale of her remainder interest in two lots of land, the property was sold, and without an order of court the proceeds were paid over to him and carried out of this commonwealth. The sale of the interest of appellant, Maria V. Allen, in the lots was, in our opinion, void as to her, and the purchaser acquired no title thereto, except to the extent of the life estate of Chas. T. Daniels.

Appellant, Maria V., having been made a party plaintiff in this action, and the petition having been dismissed as to so much thereof as sought a sale of her remainder interest in the property, the cause of action as it then stood was for the purpose of determining the conflicting claims of herself and appellee, and to quiet her title. We think she was entitled to such relief; and the court below, instead of dismissing the petition, should have rendered judgment ascertaining and determining that she was not divested of her interest in remainder by the proceedings referred to, but was, upon the termination of the life estate of her father, entitled to the possession of the property.

As the record stands, neither the pleadings nor proof required her to account for any part of the proceeds of the sale made in

1869.    Wherefore the judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Chas. Offutt, L. M. Martin, for appellants.*
*A. H. & J. Q. Ward, for appellee.*